DISTRICT COURT OF THE SECOND JUDICIAL
DISTRICT OF THE COUNTY OF ESSEX.

EDWIN A. KIRCH & CO. (A CORPORATION OF NEW JER-
SEY), PLAINTIFF, v. HARRY B. O'HARE AND CATH-
ERINE O'HARE, DEFENDANTS.

Decided June 28, 1945.

For the plaintiff, *Mervin G. Wiener.*

For the defendants, *pro se.*

MASUCCI, D. C. J. This matter comes before the court
upon a request by the clerk for instructions as to whether he
is required to make a monthly inspection of the financial
records of the sergeants-at-arms. At the same time there is
before the court an inquiry by the sergeant-at-arms, first as
to whether he is required to submit his financial records to
the clerk for examination and, second, whether he is required
to report to the judgment creditor or attorney before return-
ing a writ of execution marked "no levy" or "unsatisfied."
Reference is made to chapters 123 and 135, of the laws of
1945, *N. J. S. A.* 2:32–157.1, 2:32–153.1. It is pointed out
that the two statutes use the word "constable" and do not use
the word "sergeant-at-arms."

It appears that the office of sergeant-at-arms of the District
Court is created only by statute (*N. J. S. A.* 2:8–31). With

the exception of the method of appointment and the term, the office of sergeant-at-arms of the District Court and the office of constable are similar and for the most part identical. The statute provides in part: "Sergeants-at-arms appointed under authority of this section shall, respectively, during their continuance in office, * * * be invested with and possess all the rights, privileges, powers and duties of a city or county constable, as the case may be, in all matters and proceedings appertaining to the court to which they, respectively, are attached; * * *." It may be noted that the sergeant-at-arms is invested with a constable's rights, privileges and powers on the one hand and at the same time he is charged with a constable's "duties" on the other hand.

After an examination of both chapter 123 and chapter 135 of the laws of 1945, the court can find no intent by the legislature to exempt sergeants-at-arms from the "duty" of keeping a full record of all moneys received; of submitting these to inspection; of depositing in a trust fund or of making a monthly remittance and a report as provided in chapter 123. Likewise the court can find no legislative intent to exempt the sergeant-at-arms from the "duty" of making a report on executions as required under chapter 135.

Having come to this conclusion as to the sergeant-at-arms and having heretofore directed the clerk to inspect constables' accounts, as is in the statute provided, I have directed him to inspect sergeants'-at-arms accounts in the same manner.